[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS (#112)
This case comes to this court on a Motion to Dismiss (#112). The defendant claims the plaintiff has no standing to assert the claims set forth in the second and third counts of the complaint and that the court, therefore, does not have subject matter jurisdiction over the claims set forth in those two counts. The court has reviewed the memorandum in support of the Motion to Dismiss and the plaintiff's memorandum in opposition to the Motion to Dismiss.
The court denies the Motion to Dismiss as set forth herein.
This action was commenced by the plaintiff by writ, summons, and complaint dated July 18, 1995. There are twelve counts in the complaint. Eleven counts are asserted against the defendant, Kenneth Wein, and one count, count five, against the defendant, Lorraine Warner.
The complaint alleges that in February, 1995, Wein attempted to cancel stock certificates issued to the plaintiff under a CT Page 4225-AAA purchase agreement, and to sell a 48% interest in the company to the defendant, Warner. In count one, the plaintiff claims that Wein breached the agreement by not holding the plaintiff's stock certificates in escrow, by offering the plaintiff's stock for sale to the defendant Warner, by attempting to cancel out the plaintiff's stock certificates, and by attempting to sell and encumber the company without the plaintiff's approval. The plaintiff claims he suffered damages as a result of these actions.
In count two, the plaintiff realleges the allegations of count one and adds that Wein is a director of the company and, as such, owed a fiduciary duty to the company shareholders, which was breached by the foregoing actions. In count three, the plaintiff asserts that the defendant's conduct as alleged in counts one and two violated Connecticut General Statutes 33-313 et. sec. Only counts two and three are at issue in this motion.
A claim of lack of subject matter jurisdiction is properly asserted in a Motion to Dismiss. Practice Book Section 143. The question of the plaintiff's standing to bring a claim goes to the issue of subject matter jurisdiction. The validity of the underlying cause of action should not be confused with standing and can only be tested by a Motion to Strike. The defendant contends in his memorandum that the court lacked subject matter jurisdiction for the following reasons: 1. The plaintiff is not a shareholder of the company and therefore lacks standing to assert the claims pleaded in counts two and three; 2. Even if the plaintiff is a shareholder, the acts complained of constitute harm to the corporation and are, therefore, only derivative actions on behalf of the corporation that may be asserted against the directors; and 3. Connecticut General Statutes § 33-313 et. sec. do not provide shareholders with causes of action against a director.
The court finds that the plaintiff is and was a shareholder in the company at all relevant times for the purposes of this motion. The complaint does allege facts that establish that the plaintiff was a shareholder of the company at all relevant times. The agreement entered into evidence, introduced at trial as Exhibit 1, alleges that the plaintiff and the defendant agreed to sell a 49% interest in the company. The agreement was executed on July 25, 1994. Fred L. Baker was the attorney for Wein in the Warner transaction. His letter of February 21, 1994, attached to the complaint as Exhibit B and introduced in evidence, indicates that the company had issued stock certificates in the plaintiff's name. Those stock certificates are Exhibit 2 in the file. The court, CT Page 4225-BBB therefore, finds that the plaintiff was a shareholder in the company at all relevant times encompassed by counts two and three and, therefore, has standing to assert those claims. Claims of invalidity of the agreement go to the merits of the case and are matters for the trial. In fact, they are not proper by way of pretrial motion.
The defendant further argues that even if the plaintiff is a shareholder, the actions in counts two and three may only be brought as a shareholder derivative action on behalf of the corporation. See Connecticut General Statutes § 52-572 (j).
In Yanow v. Teal Industries, Inc., 178 Conn. 262, 263, 280
(1979), the plaintiff was a minority shareholder in the Mallard Manufacturing Company. The defendant, Teal, was a corporation and the majority shareholder, and the defendant, Gentry, was an individual who was a director in both Mallard and Teal. The case arose from the actions of Teal and Gentry that resulted in Mallard merging with Teal to the financial detriment of the plaintiff's interest in Teal. The plaintiff as a shareholder in Mallard sued Gentry in his capacity as a director of both Teal and Mallard alleging that Gentry engaged in various undisclosed and unfair transactions and caused the merger to deprive the plaintiff of his shares in Mallard and to avoid paying the plaintiff the full market value of his shares in Mallard.
The trial court granted the defendant's Motion for Summary Judgment on the grounds that the claims were derivative in nature. Id., 283. The Supreme Court reversed holding it was a well settled principal "that if the injury is one to the plaintiff as a stockholder and to him individually, and not to the corporation . . . the cause of action is personal and individual. In such a case, the plaintiff shareholder sustains a loss separate and distinct from that of the corporation or from that of other shareholders and, thus, has a right to seek redress in a personal capacity for a wrong done to him individually." Claims set out in counts two and three are claims for relief by the plaintiff arising from acts injuring him directly in violation of a claimed duty owed by the defendant to the plaintiff. As such, they state recognized claims for relief which are not subject to dismissal.
Counts two and three state claims for which relief can be granted and, therefore, are not stricken. A claim against a director for a violation of C.G.S. § 33-313 concerns the sufficiency of count three and is not proper ground for a Motion to Dismiss. CT Page 4225-CCC A Motion to Strike challenges the legal sufficiency of a pleading. The complaint states a set of facts upon which the plaintiff is entitled to relief.
Accordingly, the Motion to Dismiss is denied.
KARAZIN, JUDGE